### GRAF v. NATIONAL SURETY CO.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

INSURANCE (§ 332½,* New, vol. 13, Key No. Series)—BURGLARY INSURANCE—CONSTRUCTION OF POLICY.

It did not constitute a "change in the conditions and circumstances of the risk," within a burglary policy, to permit workmen to be employed in painting insured's house and relaying floors therein without first obtaining insurer's written consent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Appellate Term.

Action by Joseph L. Graf against the National Surety Company. From a determination of the Appellate Term (70 Misc. Rep. 243, 126 N. Y. Supp. 616), reversing a judgment of the Municipal Court, plaintiff appeals. Reversed, and original judgment affirmed.

See, also, 143 App. Div. 932, 128 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Alexander Rosenthal, for appellant.

Joseph T. Magee, for respondent.

SCOTT, J.   Plaintiff appeals from a determination of the Appellate Term, reversing a judgment of the Municipal Court, and ordering a new trial.   The action is upon a policy of burglary insurance, and the sole question presented is whether or not it constituted a "change in the conditions and circumstances of the risk" to permit workmen to be employed in painting plaintiff's house and relaying floors therein, without first obtaining the written consent of the defendant.

There can be, we think, but one answer to this proposition, and that is the negative.   If it appeared that plaintiff had wholly turned the house over to workmen, a different question might be presented; but that was not the case made by the evidence.   The plaintiff's tried servants remained in the house, and plaintiff himself, or some member of his family, slept in the house, except on Saturday and Sunday nights, when they were in the country.   To apply the rule contended for by defendant would amount to holding that, in the case of burglary insurance upon a dwelling house, the policy would be avoided whenever any workman, such as a plumber or gas-fitter, was called in to do repairs.   We cannot accede to any such stringent rule.

The determination of the Appellate Term must be reversed, and the judgment of the Municipal Court affirmed, with costs to the appellant in this court and the Appellate Term.   All concur.